UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 07-20341

v.

Honorable John Corbett O'Meara

D-1  VITO J. MUNACO and
D-2  JOHN W. BURCHAM, II,

    Defendants.
    _____/

**OPINION AND ORDER DENYING DEFENDANTS' AUGUST 5, 2008
MOTION FOR BILL OF PARTICULARS, MOTION FOR DISCLOSURE
OF *BRADY* MATERIAL, AND MOTION TO DISMISS
DUE TO EXPIRATION OF STATUTE OF LIMITATIONS**

This matter came before the court on defendant John W. Burcham, II's August 5, 2008 motion for bill of particulars, motion for disclosure of Brady materials, and motion to dismiss due to expiration of statute of limitations. Co-defendant Vito J. Munaco filed notices of joinder/concurrence in those motions August 12 and 26, 2008. The government filed response briefs October 6, 2008. No reply briefs were filed. Oral argument was heard October 23, 2008.

**BACKGROUND FACTS**

The government alleges that defendants Munaco and Burcham devised a scheme to defraud a series of insurance companies out of approximately $2.5 million in premiums. The government alleges that Defendants created documents making it appear that National Human Resources Committee, Inc. ("NHRC"), of which Burcham was a principal executive officer, had acquired a 51% ownership interest in Mandamus, a company of which Munaco was president and majority shareholder. The alleged purpose of the transfer was to permit the employees of Mandamus to

receive Workman's Compensation coverage under the policy covering NHRC. This was a benefit to Mandamus, as it permitted Mandamus to receive coverage at a lower rate and to avoid being placed in the State of Michigan's high risk pool–which would have significantly increased costs by about $2.5 million.

In the Indictment, the government alleges that Munaco caused to be prepared a stock assignment certificate for the alleged sham transfer in February 1998. Further overt acts are alleged from February 1998 through April 2001, the last of those being the filing of Defendants' income tax returns. The final overt act alleged is as follows:

> 9. On April 7, 2003, VITO J. MUNACO, defendant herein, in response to a claim filed in U.S. Bankruptcy Court charging that Mandamus owed money to SES for Worker's Compensation coverage for the years 1999-2001, filed a counterclaim alleging that Mandamus was entitled to a $200,000 credit because MUNACO had never been repaid for the $200,000 loan he made to NHRC in 1998. This counterclaim was false because on September 2, 1998, a deposit of $205,000 ($5,000 interest) was made into VITO J. MUNACO's personal account which came from NHRC general accounts payable bank account.

Indictment at 6-7.

## LAW AND ANALYSIS

Under 18 U.S.C. § 3282, "[n]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." United States v. Crossley, 224 F.3d 847, 857-58 (6th Cir. 2000). The statute of limitations begins to run when each element of the crime has occurred and the crime is complete. See Toussie v. United States, 397 U.S. 112, 115 (1970).

In this case defendant Burcham argues that the Indictment alleges that the offenses occurred between 1998 and 2001 and fails to allege any overt acts committed by him within the five-year statute of limitations. The government contends, however, that the mail fraud with which Burcham is charged is evidenced by claims by workers pursuant to the policy under which Mandamus was covered and that those claims continued through the mail through 2001, 2002, 2003, 2004, and 2005.

"[T]he offense of mail fraud is completed and the statute of limitations begins to run on the date on which the defendant, . . ., "places," "deposits," "causes to be deposited," "takes," or "receives" mail, or "knowingly causes" mail "to be delivered" as part of the execution of a scheme to defraud. Crossley, 224 F.3d at 859. Therefore, on this basis alone, defendant Burcham's motion to dismiss will be denied.

Based upon the representations of the government's attorneys, the court finds that the motion for disclosure of Brady material is moot. In addition, the court will deny the motion for a bill of particulars.

**ORDER**

It is hereby **ORDERED** that Defendants' August 5, 2008 motion for bill of particulars is **DENIED.**

It is further **ORDERED** that Defendants' August 5, 2008 motion for disclosure of Brady materials is **DENIED AS MOOT.**

It is further **ORDERED** that Defendants' August 5, 2008 motion to dismiss due to expiration of statute of limitations is **DENIED.**

Date: October 28, 2008         s/John Corbett O'Meara
                               United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 28, 2008, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                  Case Manager